Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdaltonlaw.com
Tel. (337) 371-0375

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | | |
|---|---|---|
| KENNETH MCCOY AND CANDACE LEE BELL | § § § § | CIVIL ACTION NO: |
| *Plaintiffs* | § | |
| v. | § § | |
| REV RECREATION GROUP, INC.; LA MESA R.V. CENTER, INC.; AND BANK OF THE WEST | § § § § § | |
| *Defendants* | § | JURY TRIAL REQUESTED |

## <u>COMPLAINT</u>

### I. Parties

1. Plaintiffs, KENNETH MCCOY and CANDACE LEE BELL, are individuals that now and have been at all times a citizens of the State of California.

2. Defendant, REV RECREATION GROUP, INC., hereinafter REV GROUP," is an Indiana corporation and citizen of the state of Indiana and authorized to do and doing business in the State of California with its principal place of business located in Indiana and is a warrantor of the recreational vehicle that Plaintiffs purchased and is a merchant in goods of the kind involved in this case.

-1-

REV GROUP's agent for service of process is C T Corporation System, 150 West Market Street, Suite 800, Indianapolis, Indiana 46204.

3. Defendant, LA MESA R.V. CENTER, INC., hereinafter "LA MESA R.V.," is a California citizen and corporation authorized to do and doing business in the State of California and a seller of a Recreational Vehicle that Plaintiffs purchased and is a merchant in goods of the kind involved in this case.

LA MESA R.V. 's agent for service of process is Jason J Kimbrell, 7430 Copley Park Place, San Diego, California 92111.

4. Defendant, BANK OF THE WEST, is a California financial institution and citizen of California and authorized to do and doing business in the State of California whose agent for service of process is 180 Montgomery Street, 25th Floor, San Francisco California 94104.

## II.   Jurisdiction

5. This court has jurisdiction over this lawsuit because the suit arises under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d).

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs' state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III.   Venue

6. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendants are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## IV. Conditions Precedent

7. All conditions precedents have been performed or have occurred.

## V. Facts

### A. The Transaction

8. On or about February 19, 2019, Plaintiffs purchased a new 2019 FLEETWOOD DISCOVERY bearing VIN: 1F66F5DN1L0A06926, hereinafter "DISCOVERY," from LA MESA R.V.

The "DISCOVERY" was purchased primarily for Plaintiffs' personal use. The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership.

9. The sales price of the DISCOVERY was $250,000.00. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law. See ***Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

10. The contract of sale was assigned to Defendant, BANK OF THE WEST. The contract which was assigned contained the following provision:

> **"NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."**

### B. Implied Warranties

11. As a result of the sale of the DISCOVERY by Defendants to Plaintiffs, an implied warranty of merchantability arose in the transaction which included the guarantee that the DISCOVERY would pass without objection in the trade under the contract description, and that the DISCOVERY was fit for the ordinary purpose for which such motor vehicles are purchased.

12. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants. Specifically, the Defendants impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C. Express Warranties

13. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the DISCOVERY, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the DISCOVERY had, in fact, repaired the defects.

14. Plaintiffs' purchase of the DISCOVERY was accompanied by a two year express warranty offered by the Defendant, REV GROUP, and extending to Plaintiffs. These warranty was part of the basis of the bargain of Plaintiffs' contract for purchase of the DISCOVERY.

15. The basic warranty covered any repairs or replacements needed during the two year warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the ENTEGRA's warranty booklet and owners manual. Also, the Defendant, REV GROUP, continued

to agree to extended its express warranty with the Plaintiffs to cover defects that were discovered and tendered for repairs during the original factory warranty.

### D. Actionable Conduct

16. In fact, when delivered, the DISCOVERY was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, the following:

**A. ELECTRICAL DEFECTS;**

**B. LEVELING JACK DEFECTS;**

**C. SHOWER DEFECTS;**

**D. HEAT PUMP DEFECTS;**

**E. DRAWER/DOOR DEFECTS; AND**

**F. ANY AND ALL DEFECTS, NON-CONFORMITIES AND CONDITIONS LISTED IN ANY AND ALL REPAIR ORDERS.**

**THE DISCOVERY HAS BEEN OUT OF SERVICE OVER 150 DAYS SINCE THE DATE OF PURCHASE.**

17. Since purchase, Plaintiffs have returned their DISCOVERY to the Defendants and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendants were given the opportunity to repair the DISCOVERY, the more significant and dangerous defects were not repaired. Defendants failed to repair the subject vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the DISCOVERY, continues to this day to exhibit some or all of the non-conformities and/or defects described herein.

18. The defects experienced by Plaintiffs with the DISCOVERY substantially impaired its use, value and safety.

19. Plaintiffs directly notified the Defendants of the defective conditions of the DISCOVERY on numerous occasions. Plaintiffs notified Defendants, REV GROUP and LA MESA R.V., that they wanted a rescission of the sale of the DISCOVERY but the Defendants have failed and refused to buy back Plaintiffs' defective DISCOVERY.

## VI. Causes of Action

### COUNT 1: VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE SECTION 1790 ET SEQ.

20. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

21. The DISCOVERY is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

22. Plaintiffs are a "purchaser" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

23. Defendant, REV GROUP, is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

24. The sale of the vehicle to Plaintiffs were accompanied by an express written warranty.

25. The serious non-conformities have manifested themselves within the applicable express warranty period. The non-conformities substantially impair the use, value and or safety of the vehicle and or can cause serious bodily injury or death.

26. Plaintiffs brought their DISCOVERY to LA MESA R.V., an authorized repair

facility, for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

27. Defendants have not repaired the non-conformities after a reasonable number of attempts and, as such, have failed to comply with and have breached all applicable warranty requirements.

28. Further, the sale of the DISCOVERY to Plaintiffs were accompanied by implied warranties that the vehicle was merchantable and fit for a particular use.

29. Defendants have breached the implied warranties of merchantability and fitness for a particular use because the vehicle when sold would not pass without objection in the trade.

30. Despite their breach of the express and implied warranties, Defendants have refused Plaintiffs' demand for a refund or replacement.

31. By failure of Defendants to remedy the defects as alleged above, or to issue a refund or replacement, Defendants are in breach of their obligations under the Song-Beverly Consumer Warranty Act.

32. Defendants' continuing breach of their obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendants and each of them are liable to Plaintiffs for civil penalties in an amount as set forth below.

33. Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs

and expenses in connection therewith.

**COUNT 2:   VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

34. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

35. Plaintiffs are "consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

36. Defendants, REV GROUP and LA MESA R.V., are "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

37. The DISCOVERY is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.

38. The express warranties more fully described herein above pertaining to the DISCOVERY, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

39. The actions of the Defendants as herein above described, in failing to tender the DISCOVERY to Plaintiffs free of defects and/or refusing to repair and/or replace the defective DISCOVERY tendered to Plaintiffs constitute a breach of the written and implied warranties covering the DISCOVERY and hence a violation of the Magnuson-Moss Warranty Act.

40. Plaintiffs have performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

41. As a direct and proximate result of the acts and omissions of Defendants and each of

them as set forth herein above, Plaintiffs have been damaged herein above in an amount in excess of $150,000.00 according to proof at trial.

42. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### COUNT 3: LENDER LIABILITY

43. Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

44. Plaintiffs are indebted to BANK OF THE WEST as a result of their purchase of the AVALANCHE. Plaintiffs are entitled to assert all claims and defenses stated above against BANK OF THE WEST as a defense to the debt.

### COUNT 4:   BREACH OF EXPRESS WARRANTIES

45. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

46. Th Defendants' advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffs' DISCOVERY or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendants issued an expressed written warranty which covered the DISCOVERY and warranted that the

DISCOVERY, was free of defects in materials and work quality at the time of delivery.

47. As alleged above, the Defendants breached its warranties by offering for sale and selling as safe to Plaintiffs a DISCOVERY that was latently defective, unsafe, and likely to cause economic loss to Plaintiffs.

48. In breach of the foregoing warranties, the Defendants have failed to correct said defects.

49. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 5:   BREACH OF IMPLIED WARRANTIES**

50. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

51. The Defendants impliedly warranted that Plaintiffs' DISCOVERY which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

52. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendants is unreasonable and unconscionable and void under the principles of estoppel, because Defendants knew the defects existed and might not be discovered, if at all, until the DISCOVERY, had been driven for a period longer than the period of the written warranty, and Defendants willfully withheld information about the defects from Plaintiffs.

53. Because of the defects, Plaintiffs' DISCOVERY is unsafe and unfit for use and has

-10-

caused economic loss to the Plaintiffs. Therefore, the Defendants breached the implied warranty of merchantability.

54. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 6:   NEGLIGENCE AND NEGLIGENT MISREPRESENTATION**

55. Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

56. The Defendants had a duty to Plaintiffs to provide a product reasonably safe in design and manufacture, warn of dangerous defects, disclose adverse material facts when making representations of fact to Plaintiffs and correct products which are defective.

57. The Defendants breached their duty of reasonably care and duty to disclose material adverse facts to Plaintiffs by the following acts and omissions:

   a. Failure to design and manufacture a DISCOVERY that did not harbor the defects alleged herein;

   b. Failure to notify Plaintiffs of the dangerous and defective condition of the DISCOVERY when Defendants knew or should have known of the dangerous and defective condition;

   c. Failure to fulfill its duty to disclose the material adverse facts as set forth above and otherwise failing to exercise due care under the circumstances; and

   d. Failure to repair the DISCOVERY in accordance with the express and implied warranties.

58. The damages Plaintiffs have suffered are a direct and proximate result of Defendants'

actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 7:   BREACH OF CONTRACT

59. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

60. Plaintiffs would show that the actions and/or omissions of Defendants described herein above constitute breach of the sales contract, which proximately caused the direct and consequential damages to Plaintiffs described herein below, and for which Plaintiffs hereby sues.

61. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 8:   NEGLIGENT REPAIR

62. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

63. On numerous occasions, Plaintiffs delivered the DISCOVERY to Defendants for repairs of the defective conditions covered under the express and implied warranties set forth hereinabove.

64. On each occasion that Plaintiffs returned the DISCOVERY for repairs, Plaintiffs are informed and believe, and thereupon allege, that Defendants attempted repairs of the DISCOVERY pursuant to their obligations under the express and implied warranties. Defendants owed a duty of

care to Plaintiffs to perform repairs on the DISCOVERY in a good and workmanlike manner within a reasonable time. These Defendants breached this duty.

65. Defendants' attempted repairs of Plaintiffs' DISCOVERY were done so negligently, carelessly, and recklessly as to substantially impair the DISCOVERY's use, value, and safety in its operation and use. At no repair attempt was Plaintiffs' DISCOVERY fully and completely repaired by Defendants, nor were many of the conditions of which Plaintiffs complained fixed or significantly improved by Defendants' attempts at repair. Nonetheless, each time Plaintiffs picked up the vehicle after Defendants' repair attempts, Defendants represented to Plaintiffs that the repairs were complete, and Plaintiffs relied thereon.

66. As a direct and proximate result of Defendants' negligent failure to repair the DISCOVERY within a reasonable time or within a reasonable number of attempts, Plaintiffs were forced to drive a defective and dangerous DISCOVERY in conducting their daily activities. As a further direct and proximate result of Defendants' failure to repair the DISCOVERY in a timely and workmanlike fashion, Plaintiffs were forced repeatedly to take the DISCOVERY in for further repair attempts and to leave the DISCOVERY for long periods of time at great inconvenience to themselves, and Plaintiffs sustained actual damages.

67. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; attorney fees and damages to Plaintiffs's health and well-being in the form of emotional distress.

### VII. Economic and Actual Damages

68. Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described herein above:

    a.. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

    b. Loss of use;

    c. Loss of the "benefit of the bargain";

    d. Diminished or reduced market value; and

    e. Costs of repairs.

### VIII. Request for Rescission

69. Plaintiffs seek the remedy of rescission of the sales contract which is requested in the following paragraph.

70. Plaintiffs revoke their acceptance of the DISCOVERY for the reason that its defects substantially impair its value to Plaintiffs and acceptance was based on Plaintiffs' reasonable reliance on the false representations and warranties of Defendants that the defects in DISCOVERY would be repaired. Accordingly, Plaintiffs seek a cancellation of the purchase transaction and an order of the court restoring to them the money obtained by Defendants as a result of the false representations and breaches of warranty set forth above. Plaintiffs also seeks cancellation of the debt and now offers to return the DISCOVERY to Defendants.

### IX. Multiple Damages

71. The Defendants' conduct in violation of the Song-Beverly Consumer Warranty Act, Civil Code Section 1794, et seq, entitle Plaintiffs to an award for civil penalties and multiple

-14-

damages.

72. Plaintiffs have rightfully rejected or justifiably revoked acceptance of the goods and/or has exercised his right to cancel the sale pursuant to Sections 2711, 2712, and 2713 of the Commercial Code.

73. Plaintiffs had previously accepted the goods, and, therefore, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform.

74. The Defendants' failure to comply was willful and, therefore, the judgment should include, in addition to the amounts recovered, a civil penalty which shall not exceed two times the amount of actual damages.

## X. Attorney Fees and Costs

75. Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

## XI. Prayer

76. For these reasons, Plaintiffs pray for judgment against the Defendants for the following:

    a. For general, special and actual damages according to proof at trial;

    b. Rescinding the sale of the 2019 FLEETWOOD MH DISCOVERY bearing

  VIN 4UZACGFC3KCLJ4163 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c. For incidental and consequential damages according to proof at trial;

d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

e. Any diminution in value of the DISCOVERY, attributable to the defects;

f. Past and future economic losses;

g. Prejudgment and post-judgment interest;

h. Damages for loss of use of vehicle;

i. Civil Penalties and/or Punitive damages;

j. Damages for mental anguish;

k. Attorney fees;

l. Costs of suit, expert fees and litigation expenses; and

m All other relief this Honorable Court deems appropriate.

## XII. Demand for Jury Trial

77. Plaintiffs hereby demands a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdaltonlaw.com
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFFS